UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT, | No. 2:22-cv-1040 KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. EHLERS, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Property Claim

Initially, plaintiff alleges that defendants had someone in the Folsom mail room take plaintiff's check from his grandfather's estate.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy - only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2).

Excessive Force

Plaintiff marked the box "excessive force" but fails to provide sufficient facts for the undersigned to determine whether plaintiff can state a cognizable claim against each named defendant.  The follow legal standards apply to an excessive force claim.  "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who

3

may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, we look to the "extent of the injury. . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).  While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Hudson, at 9 (citing Whitley, at 327).

    Here, the sole allegation as to force is plaintiff's claim that on January 21, 2021, defendant Ehlers "grabbed" plaintiff and pushed him so hard plaintiff fell on his back.  (ECF No. 11 at 3.)  As injury, plaintiff claims Ehlers knocked plaintiff's teeth out of his mouth, and now plaintiff has PTSD.  (Id.)  However, the January 21, 2021 incident report states plaintiff reported he was suicidal and "just got injury on [his] hand."  (ECF  No. 1 at 7.)  Plaintiff may be able to state a cognizable excessive force claim against defendant Ehlers if he can allege facts as to each element under Hudson and clarify his allegations concerning his injuries.  Plaintiff is granted leave to amend as to his excessive force allegations.

Threats

    Plaintiff claims that defendants threatened to have plaintiff killed, and defendant McKenna called plaintiff a "nigger."  (ECF No. 1 at 3.)  However, verbal harassment or abuse, including the use of racial epithets, do not state a cognizable civil rights claim are dismissed.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim

4

cognizable under 42 U.S.C. § 1983.) See also Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Even verbal threats, without more, do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Plaintiff's claim that such threats gave him mental problems does not save the claim from dismissal, as "an institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." McClellan v. Bassett, 2006 WL 2079371, at *1 (D. Va. 2006).

Plaintiff also claims that defendants filed "fake paperwork" to have plaintiff killed and also filed "fake paperwork" in the court to have plaintiff killed. (ECF No. 1 at 4.) Plaintiff does not further describe the nature of such paperwork or provide any other factual details that would assist the court in determining whether plaintiff could state a plausible civil rights claim based on such vague and conclusory allegations.

Conditions of Confinement Claim:  Nutrition

To state an Eighth Amendment conditions of confinement claim, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." Id. (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). With respect to meals, the Eighth Amendment requires "only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 121 F.3d 1444, 1456 (9th Cir. 1993) (citations omitted). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (quoting Hamm v. Dekalb County, 774 F.2d 1567, 1575 (9th Cir. 1985)). A prisoner may, however, state a claim where he alleges that he was served meals with insufficient calories for long periods of time. Id.; see Hutto v. Finney, 437 U.S. 678, 683-84 (1978) (prison diet that consisted of just 1,000 calories a day may be tolerable for a few days but "intolerably cruel for weeks or months"). The Ninth Circuit has also held that the "sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009).

Here, plaintiff claims that "they" would not feed plaintiff his food for days. (ECF No. 1 at 3.) However, such allegation, without more, is insufficient to demonstrate plaintiff can state a cognizable conditions of confinement claim. More facts are needed to show a denial of nutrition significant enough to implicate constitutional standards. See Foster, 554 F.3d at 812-813 (finding that intentional denial of 16 meals over 23 days constitutes a serious deprivation within the meaning of the Eighth Amendment).

First Amendment Claim:  Mail

Plaintiff claims that defendants were not letting any of his mail go out to his family or to his family attorney. (ECF No. 1 at 4.)

Generally, prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). However, a prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987).

////

With respect to outgoing correspondence from prisoners to non-prisoners, an exception to the Turner standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. Thornburgh, 490 U.S. at 411-12. Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh, 490 U.S. at 413-14.

Confidential correspondence between a prisoner and his criminal attorney is protected by the Sixth Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("What prison officials don't have the right to do is read a confidential letter from an inmate to his lawyer."). Additionally, the Ninth Circuit "recognize[s] that prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, a complaint must "clarify who sent the mail or whether it was properly marked as 'legal mail.'" Id. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Id.

Here, plaintiff does not plead sufficient facts to establish that his First Amendment rights were violated by defendants in connection with outgoing mail. Plaintiff may be able to state a claim as to outgoing mail to his family and his family attorney if he can allege specific facts demonstrating that he presented to prison officials letters on a regular basis that were never received by the intended recipients, the time frame involved, and identify the individuals responsible for such interference. Therefore, plaintiff is granted leave to amend as to his outgoing mail claim.

Retaliation

Plaintiff marked "retaliation" on his complaint but alleges no facts supporting such claim. Plaintiff is provided the following standards that govern retaliation causes of action.

It is well-established that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for their exercise of this right is a constitutional violation. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). To prevail on a retaliation claim, a plaintiff may "assert an injury no more tangible than a chilling effect on First Amendment rights." Brodheim, 584 F.3d at 1269-70. Furthermore, "a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" Id. at 1271 (citing Rhodes, 408 F.3d at 568-69).

Nevertheless, First Amendment retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, the plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the "logical fallacy of post hoc, ergo propter hoc, literally, "after this, therefore because of this." "). The plaintiff must allege specific facts demonstrating that the plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Leave to Amend

As discussed above, plaintiff's complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 20, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/elli1040.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. EHLERS, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-1040 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____　　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Plaintiff